IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|                               | ) |                      |
|-------------------------------|---|----------------------|
| **UNITED STATES OF AMERICA**, | ) |                      |
|                               | ) |                      |
|     **Plaintiff,** | ) |              |
|                               | ) |                      |
| **vs.**                       | ) | Cr. No. <u>06-20304-Ml/P</u> |
|                               | ) |                      |
| **ARTHUR SEASE,**             | ) |                      |
|                               | ) |                      |
|     **Defendant.** | ) |              |
|                               | ) |                      |

_____

**ORDER DENYING DEFENDANT'S MOTIONS CHALLENGING
ACCURACY OF TRANSCRIPTS**
_____

Before the court by order of reference are defendant Arthur Sease's Motion Challenging Accuracy of Transcript the Government Intends to Furnish Jury as an Aid to Audio Recording, and Second Motion Challenging Accuracy of Transcripts the Government Intends to Furnish Jury as Aids to Telephone Recordings Made by Confidential Informant, both filed December 26, 2008 (D.E. 244 and 245). The government filed its response to these motions on January 8, 2009. On January 9, 2009, the court held a hearing on these motions. At the hearing, the parties stated that the government has, since the filing of the motions, reviewed the transcripts and has agreed to make all the changes to the transcripts identified in Sease's motions (with one exception discussed below). Therefore, the parties now agree that the

transcripts accurately reflect the words spoken during the taped conversations at issue.

The parties further stated at the hearing that the only remaining issue is Sease's contention that the transcripts should not identify Sease as a speaker.  According to Sease, the transcripts should be limited to setting forth the words actually spoken during the conversations and should not identify the persons involved in the conversations.  The government argues that it will present witnesses at trial who will identify Sease as the voice on the recordings, and thus Sease will be able to cross-examine these witnesses on their identification of Sease as one of the speakers. In addition, the government anticipates that the court will give a limiting instruction to the jury on the use of the transcripts.

"[A] defendant challenging the use of a transcript at trial must show prejudice." United States v. Ford, No. 05-3312, 2006 WL 1792639, at *4 (6th Cir. June 28, 2006) (quoting United States v. Jacob, 377 F.3d 573, 581 (6th Cir. 2004)).  With respect to the identification of a defendant as a speaker in a transcript, the availability of witnesses for cross-examination at trial who can identify the defendant as the speaker "negates any prejudice" to the defendant.  Ford, 2006 WL 1792639, at *4; see also United States v. Scurry, No. 96-4249, 1997 WL 447188, at *2 (4th Cir. Aug. 7, 1997) (stating that "Scurry's counsel had the opportunity to explore through cross-examination any inaccuracies in the transcripts, including inaccuracies with respect to the identification of speakers on the tapes."); United States v.

Capers, 61 F.3d 1100, 1107 (4th Cir. 1995) (affirming use of transcripts at trial, as the defendants "had the opportunity to explore through cross-examination any inaccuracies in the transcripts, including inaccuracies with respect to the identification of speakers"); United States v. Nixon, 918 F.2d 895, 901-02 (11th Cir. 1990) (rejecting argument that trial court erred in allowing transcripts to identify defendant as speakers on taped conversations, based in part on the opportunity for defendants to cross-examine witnesses who identified defendants as speakers); United States v. Crane, 632 F.2d 663, 664-65 (6th Cir. 1980) (stating that "we think the District Court reached the proper conclusion when it reasoned that since agent Merryman, who identified Crane's voice as the party on the tape . . . was available for cross-examination, defendant should not be heard to complain."); see also United States v. Breland, 356 F.3d 787, 795 (7th Cir. 2004) (stating that trial court did not abuse its discretion in permitting defendants' names to appear on the transcripts, because "we have also permitted speakers' names to be included on transcripts based on the lay testimony of a person familiar with the speakers' voices, . . . and Agent Kress identified their voices on the tapes based on his personal interviews with the defendants.") (internal citation omitted).

In addition, it is anticipated that the court will give limiting instructions to the jury about the use of the transcripts, and thus any potential prejudice to Sease should be further negated by the limiting instructions. See Nixon, 918 F.2d at 901-02

(noting that "[o]n several occasions during the trial, the district court issued limited instructions to the jury about the use of the transcripts, each time stressing that the jury must decide on its own about the accuracy of speaker identifications."); Scurry, 1997 WL 447188, at *2 (stating that "the court gave an appropriate limiting instruction, explaining that only the tapes constituted evidence and the transcripts were merely an aid – therefore any prejudice caused by inaccuracies of the transcripts was cured by the court's limiting instruction."); Capers, 61 F.3d at 1107 (affirming use of transcripts at trial based in part on the limiting instruction given by the court).

For these reasons, the motions are DENIED.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

January 12, 2009
Date